UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH ALLEN RUSSELL #390475,

      Plaintiff,

    v.                                                    CASE NO. 2:16-CV-13874
                                                            HON. GEORGE CARAM STEEH

CENTRAL MICHIGAN
CORRECTIONAL FACILITY, et al.,

      Defendants.

_____/

**OPINION AND ORDER DENYING APPLICATION
TO PROCEED WITHOUT PREPAYMENT OF FEES
OR COSTS AND DISMISSING CIVIL ACTION**

## I.    Introduction

Michigan prisoner Kenneth Allen Russell ("plaintiff") has filed a pro se

civil action entitled as a "Request for Warrant to Retrieve Property in

Possession of Another" in which he complains about the state requirement

that he register as a sex offender when released from prison and seeks to

obtain all of his prison, court, and government documents.  The plaintiff

appears to name the Central Michigan Correctional Facility, the 87th

District Court, the 46th Circuit Court, the Michigan State Police, the

-1-

Michigan Department of Corrections, the Michigan Parole Board, and the

Federal Bureau of Investigation as the defendants in this action.  The

plaintiff has also filed an application to proceed without prepayment of the

filing fee for this action.  See 28 U.S.C. § 1915(a)(1).  Having reviewed the

matter, the Court denies the application to proceed without prepayment of

fees or costs and dismisses the complaint without prejudice pursuant to 28

U.S.C. § 1915(g).

## II.    Discussion

Under the Prison Litigation Reform Act of 1996 ("PLRA"), a prisoner

may be precluded from proceeding without prepayment of the filing fee in a

civil action under certain circumstances.  The statute provides, in relevant

part:

> In no event shall a prisoner bring a civil action or appeal a
> judgment in a civil action or proceeding under this section, if the
> prisoner has, on 3 or more prior occasions, while incarcerated
> or detained in any facility, brought an action or appeal in a court
> of the United States that was dismissed on the grounds that it
> is frivolous, malicious, or fails to state a claim upon which relief
> may be granted, unless the prisoner is under imminent danger
> of serious physical injury.

28 U.S.C. § 1915(g).  In short, the "three strikes" provision requires the

Court to dismiss a civil case when a prisoner seeks to proceed without

prepayment of the filing fee if, on three or more previous occasions, a

-2-

federal court has dismissed the prisoner's action because it was frivolous, malicious, or failed to state a claim upon which relief may be granted.  Id.; see also Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)").

The Court's records reveal that the plaintiff has filed at least three prior civil actions in federal court which have been dismissed as frivolous and/or for failure to state a claim upon which relief may be granted.  See Russell v. MDOC, et al., No. 2:15-CV-10776 (E.D. Mich. 2015); Russell v. Caruso, et al., No. 1:07-CV-662 (W.D. Mich. 2007); Russell v. Howes, No. 1:06-CV-644 (W.D. Mich. 2006).  Consequently, the plaintiff is a "three-striker" who cannot proceed without prepayment of the filing fee unless he can demonstrate that he is "under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).  To fall within the statutory exception to the three strikes rule, a prisoner must allege that the threat or prison condition is 'real and proximate' and the danger of serious physical injury must exist at the time the complaint is filed.  See Rittner v. Kinder, 290 F. App'x 796, 797-98 (6th Cir. 2008) (citing Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th

Cir. 2003); <u>Abdul-Akbar v. McKelvie</u>, 239 F.3d 307, 313 (3d Cir. 2001) (en

banc)).  An assertion of past danger is insufficient to invoke the exception.

<u>Id</u>.  The plaintiff does not allege any facts which indicate that he is under

imminent danger of serious physical injury so as to fall within the exception

to the three strikes rule.  Consequently, he is not allowed to proceed

without prepayment of the filing fee for this action.

## III.   Conclusion

Based upon the foregoing discussion, the Court concludes that the

plaintiff has filed at least three previous lawsuits which have been

dismissed as frivolous and/or for failure to state a claim upon which relief

may be granted and that he has failed to establish that he is under

imminent danger of serious physical injury so as to fall within the exception

to the three strikes provision of 28 U.S.C. § 1915(g).  Accordingly, the

Court **DENIES** the plaintiff's application to proceed without prepayment of

fees or costs and **DISMISSES** his civil action pursuant to 28 U.S.C. §

1915(g).  This dismissal is without prejudice to the filing of a new complaint

with payment of the full filing fee.

Lastly, the Court concludes that it has properly applied the "three

strikes" provision of 28 U.S.C. § 1915(g) such that an appeal from this

order would be frivolous and cannot be taken in good faith.  28 U.S.C. §

1915(a)(3).

**IT IS SO ORDERED**.

Dated:  December 6, 2016

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
December 6, 2016, by electronic and/or ordinary mail and also
on Kenneth Allen Russell #390475, Central Michigan
Correctional Facility, 320 N. Hubbard, St. Louis, MI 48880.

s/Barbara Radke
Deputy Clerk